UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6119-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TERRILL MYERS,

    Defendant.
_____/

MAGISTRATE: SELTZER

### DEFENDANT'S OBJECTIONS TO P.S.I.

**COMES NOW** the Defendant, **TERRILL MYERS,** by and through his undersigned counsel, and pursuant to Rule 32 of the Federal Rules of Criminal Procedure, respectfully notifies this Honorable Court of the following objections he would lodge against the Pre-sentence Investigation Report prepared in the above-styled cause.

1. <u>PAGE 4, PARAGRAPH 3</u> - The Defendant pled to conspiracy to import marijuana in excess of 100 kilos, and was told by Agent McCarron that he would not be charged with anything more than possession of 100 pounds of marijuana.

2. <u>PAGE 5, PARAGRAPH 8</u> - The blue Hyundai was not owned or registered to the Defendant.

3. <u>PAGE 5, PARAGRAPH 9</u> - Defendant Johnson was not friends with, nor did he know Lance Myers, the Defendant's son until April 16, 2000.

4. <u>PAGE 5, PARAGRAPH 10</u> - Defendant Johnson was in charge of the

coordinates, the boat, and the radio. Defendant Myers owned the vessel, but did not act as the captain.

5. <u>PAGE 5, PARAGRAPH 11</u> - Defendant Myers' fee for assisting in this case was initially $10,000.00.

6. <u>PAGE 12, PARAGRAPH 37</u> - Defendant Myers was not the captain of the vessel, he was on the vessel to protect his interest in the vessel. Defendant Myers was to receive 100 pounds of marijuana.

7. <u>PAGE 13, PARAGRAPH 44</u> - Defendant objects to the weight and guideline calculation, in that he entered a plea to conspiring to import in excess of 100 kilos of marijuana. This places the Defendant at a level 26, rather than a level 30.

8. <u>PAGE 13, PARAGRAPH 45</u> - Defendant was not involved with the importation by air in the smuggling offense, therefore he should not be given a two level increase.

9. <u>PAGE 15, PARAGRAPH 57</u> - Defendant contends that there were no marijuana plants found in the Defendant's car, and that said drug charges were dismissed.

10. <u>PAGE 15, PARAGRAPH 58</u> - Defendant wishes to clarify that the Defendant shot the alleged victim in self defense. The Defendant's former wife was the victim of a robbery, the Defendant confronted the alleged robber/victim in front of 13 other individuals, and used a firearm in self-defense.

11. <u>PAGE 17, PARAGRAPH 65</u> - Defendant objects to the increase of one point

   due to prior criminal history, due to the remoteness in time of this misdemeanor conviction. (11 years)

12. PAGE 15, PARAGRAPH 59 - Defendant wishes to clarify that said stolen property was stored in his apartment which he shared with a roommate Glenn Moon. The dwelling was a two bedroom unit, and the storage was done without the Defendant's knowledge. The Defendant pled <u>no contest</u> to the drug counts and received concurrent probation, in addition to an additional year of probation.

13. PAGE 16, PARAGRAPH 61 - Defendant wishes to clarify that the weapon belonged to his father-in-law, (Bill Mills), and it was in the Defendant's car without his knowledge.

14. PAGE 16, PARAGRAPH 63 - Defendant denies possessing a stolen Georgia tag.

15. PAGE 18, PARAGRAPH 69 - Defendant wishes to clarify that Defendant was innocent, and that co-defendant Steven Harris cooperated with authorities and gave the Defendant's name. The case was dismissed.

16. PAGE 19, PARAGRAPH 71 - Defendant alleges that he was not arrested for cocaine trafficking, and does not have knowledge as to why the probation office states that the circumstances mirror the instant offense.

17. PAGE 19, PARAGRAPH 72 & 73 - Defendant states he is not guilty of these offenses, and that no capias' have been issued for his arrest.

18. PAGE 20 & 21, PARAGRAPHS 75-80 - Defendant states that all these

BRUCE H. FLEISHER, P.A., ATTORNEY AT LAW
SUITE 1206, GRAND BAY PLAZA, 2665 S. BAYSHORE DRIVE, COCONUT GROVE, FL 33133 • TEL. (305) 859-7999 • FAX (305) 858-0603

charges have been dismissed.

19. <u>PAGE 22, PARAGRAPH 88</u> - Defendant contends that his ex-girlfriend Karen Klein has a severe mental illness, having been under the care of several psychiatrists and psychologists. Defendant denies stalking Ms. Klein, that he was never formally charged, and that the restraining order was withdrawn by Ms. Klein at the first appearance.

**WHEREFORE**, the Defendant respectfully requests that they Government and the U.S. Probation Office acknowledge the above objections, with leave of court for counsel to litigate the appropriate guideline level at sentencing.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was furnished via U.S. mail this 17th day of October, 2000 to: Ms. Bertha Mitrani, Assistant U.S. Attorney, Office of the U.S. Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301; Mr. James Peirce, U.S. Probation Officer, 501 South Flagler Drive, Suite 400, West Palm Beach, Florida 33401.

Respectfully submitted,

BRUCE H. FLEISHER, P.A.
Grand Bay Plaza
2665 South Bayshore Drive
Suite 1206
Coconut Grove, Florida 33133
Office: (305) 859-7999
Facsimile: (305) 858-0603

By: _____
BRUCE H. FLEISHER, ESQUIRE
Florida Bar No.: 166952

-4-