UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6119-CR-ZLOCH

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

TERRILL MYERS,    ) DEFENDANT MYERS' OBJECTIONS TO
    Defendant.    ) PRESENTENCE INVESTIGATION REPORT
                       )
_____)

Defendant Terrill Myers ("MYERS"), by and through undersigned court-appointed counsel, respectfully submits his objections to the Presentence Investigation Report ("PSI") dated April 19, 2001, as follows:

1. MYERS objects to Paragraph 38. MYERS was not the captain of the boat. MYERS supplied the boat and was present during the commission of the offense, that is, the air drop of marijuana offshore from Broward County, Florida.

2. MYERS objects to Paragraph 46. MYERS respectfully submits that USSG 2D1.1(b)(2) does not apply to him under the facts in this case. That subsection relates to a defendant who either: a) "unlawfully imported or exported a controlled substance; or b) acted as pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance..." MYERS did not import the drugs at issue in this case. Nor did he act in any of the capacities described in (b) above. Although he was the owner the boat which picked up the marijuana after an air drop, USSG 2D1.1(b)(2) does not appear to include ownership as a qualifying factor for this two-level increase. Therefore, the two-level increase under this Guideline does not appear warranted.

1

3. MYERS objects to Paragraph 54. MYERS submits that he may qualify for application of the benefits of "safety valve." MYERS meets the criteria listed in 18 U.S.C 3553(f) were this Honorable Court to find that a Criminal History Category of I more accurately reflects his criminal history. See paragraph 4 infra. The Guidelines provide that no mandatory minimum must be applied to a defendant if he qualifies for safety valve. Moreover, the Guidelines afford MYERS an additional two-level reduction under safety valve. USSG 2D1.1(b)(6). If the total offense level were reduced by two for subtracting the two levels in Paragraph 46, and applying another two level reduction under 2D1.1(b)(6), then MYERS' total offense level would be 25 instead of 29.

4. MYERS objects to Paragraph 66 to the extent that it assesses him one criminal history point for a shoplifting offense involving approximately $100 in 1989 which was twelve years ago. MYERS respectfully requests that this Honorable Court consider this particular paragraph overstates his criminal history and, consequently, grant MYERS a downward departure to Category I. See USSG 4A1.3 (authorizing district court to downward depart where criminal history category over-represents seriousness of defendant's criminal history).

5. MYERS objects to Paragraph 69 to the extent that it places him in a Criminal History Category II rather than I as requested in the previous paragraph.

6. MYERS objects to Paragraph 118 to the extent that it has placed him with a total offense level of 29. MYERS respectfully requests that he be considered for a total offense level of 25 for the reasons more fully set forth in the above paragraphs. With a Criminal History Category I and a total offense level of 25, MYERS' guideline imprisonment range would be 57-71 months.

Respectfully submitted,

*[signature]*

Martin A. Feigenbaum
Florida Bar No. 705144
150 West Flagler Street
Museum Tower 1565
Miami, FL 33130
(305) 372-0946

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail this 26th day of April, 2001, to: Bertha Mitrani, AUSA, 500 East Broward Boulevard, Seventh Floor, Ft. Lauderdale, FL 33394 (fax 954-356-7228); and Kathryn Gomez, USPO, U.S. Probation Office, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, FL 33301 (fax 954-769-5566).

*[signature]*